UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALMACIO RAMIREZ SANTOS,<br><br>Defendant. | Case No. 5:09-cr-00277 EJD<br><br>**ORDER RE: PARTIAL WAIVER ATTORNEY CLIENT PRIVILEGE** |

## I.   BACKGROUND

After a jury trial before Judge James Ware, Defendant Dalmacio Ramirez Santos ("Santos") was convicted on June 4, 2010, of seven counts: (1) two counts of distribution of/possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A)(viii), (2) three counts of distribution of 5 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), (3) one count of possession with intent to distribute cocaine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C), and (4) one count of the using and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). See Docket Item No. 143. On November 15, 2010, Judge Ware sentenced Santos to a custodial term of 240 months. See Docket Item No. 161. Judgment was entered on November 18, 2010. See Docket Item No. 164.

Santos filed an appeal from the judgment, and the Court of Appeals affirmed the

1

Case No.: 5:09-cr-00277-EJD
ORDER RE: PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE

conviction on December 21, 2011.  See Docket Item No. 198.  The Court of Appeals then denied rehearing on February 1, 2012.  See Docket Item No. 199.

On November 20, 2013, Santos filed a Petition under 28 U.S.C. § 2255 asserting a number of arguments, including two "claims" based on ineffective assistance of counsel.  See Docket Item No. 203.  This court found the Petition timely on its face and issued an order for briefing.  See Docket Item No. 211.

The Government filed its response to the Petition on July 16, 2014, requesting the court schedule a hearing to address whether and to what extent Santos had waived the attorney-client privilege.  See Docket Item No. 222.  In response, Santos' former trial counsel, the Federal Public Defender ("FPD"), filed a document indicating that FPD would not reveal the content of privileged communications unless court-ordered to do so.  The court held a hearing on October 15, 2014, and, after receiving input from the Government, FPD and Santos, appointed counsel for the limited purpose of advising Santos as to the waiver of privilege issue.

All parties appeared again on December 18, 2014.  Santos' appointed attorney also appeared.  In response to the court's questioning, Santos stated he wished to maintain all aspects of his ineffective assistance of counsel claims.  Accordingly, the court found a partial waiver of the attorney-client privilege.  Its reasons for doing so are explained more fully below.

## II. LEGAL STANDARD

Generally, "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  This is an "implicit waiver" of the privilege.  Id. at 719.  "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."  Id.

An implied waiver in the habeas context comes with particular characteristics.  First, "[t]he court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward

2
Case No.: 5:09-cr-00277-EJD
ORDER RE: PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE

with its claims implicating them." Id. at 720 (emphasis preserved).  In other words, the holder of the privilege is given a choice: "[i]f you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." Id. "Essentially, the court is striking a bargain with the holder of the privilege by letting him know how much of the privilege he must waive in order to proceed with his claim." Id. "[T]he holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. at 721.

Second, assuming the holder of the privilege wishes to proceed, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." Id. at 720. Any waiver must be "closely tailored" to "the needs of the opposing party in litigating the claim in question." Id.

Third, the party receiving privileged materials must be bound by the court to use the materials solely for the purpose of defending the proceeding for which they are produced. Id. at 721.

### III. DISCUSSION

Santos' § 2255 Petition raises two "claims" related to ineffective assistance of counsel. These claims contain a number of sub-parts or sub-arguments. The first is Claim 4, which asserts ineffective assistance for:

 (a) failure to offer plea agreement to the defendant,

 (b) failure to provide adequate interpretation,

 (c) failure to provide a meaningful defense at trial, and

 (d) failure to defend against the seizure and taking of property.

The second is Claim 5, which asserts ineffective assistance for:

 (a) failure to advise or offer plea bargain,

 (b) failure to provide presentence investigation report,

 (c) failure to investigate or provide investigator,

 (d) failure to provide defense, witnesses, or client testimony,

1    (e)   failure to defend mistrial process or fair jury trial,

2    (f)   failure to defend sentence entrapment, and

3    (g)   failure to provide fair-meaningful interpretation.

As to the sub-arguments, the Government believes it can respond to many of them using the trial record.  Two of the sub-arguments, however, cannot be adequately addressed in that same way, and will instead require the Government obtain information from Santos' trial counsel.  They are Claim 4(a), asserting a failure to offer a plea agreement to the defendant, and Claim 5(a), asserting a failure to advise or offer plea bargain.  The court advised Santos that pursuing these two sub-arguments would result in a partial waiver of the attorney-client privilege.  Santos decided to maintain them after consultation with appointed counsel.

Thus, pursuant to Bittaker, the court finds that Santo has waived his attorney-client privilege with FPD, but only as to the issues of failure to offer a plea agreement and failure to advise or offer a plea bargain.  FPD shall produce information relevant to these issues according to the order which follows.

## IV.   ORDER

In light of the partial waiver of the attorney-client privilege, the court orders as follows:

1.   On or before **January 23, 2015**, FPD shall provide to the undersigned's Courtroom Deputy, Elizabeth Garcia, all documents maintained by the FPD concerning Santos which contain information relevant to the issues of failure to offer a plea agreement and failure to advise or offer a plea bargain, as asserted by Santos in his § 2255 Petition.  FPD shall also provide a copy of these same documents to Santos' appointed counsel, Alfredo M. Morales, so that Mr. Morales may transmit the copies to Santos.

2.   Once received, the court will review the documents in chambers and release those documents to the Government, in an appropriate manner and form, which it finds are subject to disclosure consistent with the partial waiver.  All interested parties will be notified when this occurs, and any documents withheld or redacted by the court will be identified.

3.   Any documents or other materials released to the Government shall be used solely

for the purpose of opposing Santos' § 2255 Petition.

    4.    The court will provide further deadlines for the completion of supplemental briefing on Santos' § 2255 Petition at a later date. Any additional waiver issues may be raised, if necessary, after the court releases the documents to the Government.

**IT IS SO ORDERED.**

Dated:  December 19, 2014



EDWARD J. DAVILA
United States District Judge